UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMARSH ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-1715-RLW |
| STATE OF MISSOURI, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon plaintiff JerMarsh Robinson's post-judgment motion, titled "Motion for a Retrial." (ECF No. 20). The motion will be denied.

**Background**

On November 18, 2015, the Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2) after determining it was frivolous and/or failed to state a claim upon which relief may be granted. (ECF Nos. 5, 6). On February 19, 2016, the United States Court of Appeals for the Eighth Circuit denied Robinson's request for discovery and summarily affirmed this Court's judgment. (ECF No. 18).

Plaintiff filed the instant motion on May 23, 2022. In the motion, plaintiff writes: "I said on the basis of new evidence was found, the court may in the interest of justice allow new evidence to be presented, the summary went against the weight of evidence, amending finding of facts." Next, plaintiff lists the names of several individuals, and writes: "All of those people received settlements for the same thing." Provided with the motion are copies of the complaint and other documents plaintiff filed in this action while it was pending.

## Discussion

Plaintiff did not specify a procedural basis for the motion, but the Court interprets it as seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for" specified reasons including "(1) mistake, inadvertence, surprise, or excusable neglect, . . . (2) newly discovered evidence . . . (3) fraud . . . or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion must be made "within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

The instant motion was filed more than six and one-half years after the entry of judgment, and is therefore untimely. The motion identifies no grounds for granting relief under Rule 60(b). Instead, the motion either references documents that were provided to the Court while the action was pending, or offers irrelevant information. The motion does not present any exceptional circumstances warranting extraordinary relief. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for a Retrial" (ECF No. 20), construed as a motion under Rule 60(b), Fed. R. Civ. P., is **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of May, 2022.